UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH ANN COLUMBI, *et al.*,

Plaintiffs,

v.

STEWART MCCULLUM, *et al.*,

Defendants.

Case No. C18-778RSL

ORDER OF REMAND AND DISMISSAL

This matter comes before the Court on a "Motion to Remand to State Superior Court," Dkt. # 3, filed by defendant Stewart McCullum,[1] and on a "Motion to Dismiss," Dkt. # 10, filed by defendants Judge John McHale and Judge Helen Halpert.

This complaint appears to stem from a nonjudicial foreclosure sale of a house in Seattle, WA. The papers attached to plaintiffs' removal are difficult to discern, see Dkt. # 1, but it appears plaintiffs removed this matter prior to a show cause hearing related to ejectment proceedings following the foreclosure sale of their house, see Dkt. # 3 at 2.

Defendant McCollum, the purchaser of the foreclosed property, filed a motion to remand challenging this Court's jurisdiction to hear the case. Dkt. # 3. The party seeking a federal venue has the burden of establishing the Court's subject-matter jurisdiction. In re Dynamic Random

---

[1] Given the strange form of this case's removal filings, see Dkt. # 1, it is unclear which parties are plaintiffs and which are defendants, because the removal does not clearly refer back to the apparent state proceedings. For purposes of this order, the Court refers to the parties who initiated the federal action—*i.e.*, Deborah Ann Columbi and David Gregory Willenborg—as the plaintiffs.

ORDER OF REMAND AND DISMISSAL - 1

Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th Cir. 2008). The general removal statute, 28 U.S.C. § 1441, is construed restrictively, meaning if there is substantial doubt whether a case should be in federal court, the Court will remand the case back to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The removing party has the burden of proving by a preponderance of the evidence that removal is appropriate under the statute. In re DRAM Antitrust Litig., 546 F.3d at 984. This matter appears to be based on an underlying property dispute that is entirely a matter of state law. The removal documents obliquely invoke some language that sounds in federal and constitutional law, but these invocations are not sufficient to meet plaintiffs' burden of demonstrating federal jurisdiction. See id. For that reason, the Court concludes that remand is proper.

In their removal, plaintiffs also include the names of several other parties—some of whom appear to be related in some way to the underlying foreclosure proceedings. Those include Judge John McHale and Judge Helen Halpert, both of whom are King County Superior Court Judges.[2] They filed a motion to dismiss for failure to state a claim. Dkt. # 10. "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plaintiffs' removal filings, insofar as they allege wrongdoing on the parts of Judges McHale and Halpert, do not meet that standard. It is unclear what violations plaintiffs allege, and they do not plausibly plead facts to support those violations. The Court accordingly concludes that dismissal is warranted.

---

[2] The removal filings also mention Deutsche Bank Americas, "CLEAR-RECON-CORP," the United States, and someone named Jill Higgins. See Dkt. # 1. Whatever plaintiffs intended by writing those words on the removal filings, it is not sufficient to add those potential entities as parties to this case.

ORDER OF REMAND AND DISMISSAL - 2

For the foregoing reasons, defendant McCollum's motion for remand, Dkt. # 3, is GRANTED. Remanded matters usually face a 14-day waiting period before taking effect, see LCR 3(i), but the Court concludes that period is unnecessary and that this matter should be remanded upon this Order's filing.[3]

The remaining defendants' motion to dismiss, Dkt. # 10, is GRANTED. Insofar as plaintiffs' removal filings allege remaining claims, those claims are hereby DISMISSED.

DATED this 6th day of August, 2018.

Robert S. Lasnik
United States District Judge

---

[3] Defendant McCollum sought costs and fees in his motion, but did not file documentation as the motion stated he would. See Dkt. # 3 at 6 n.1. For that reason, his request is denied.

ORDER OF REMAND AND DISMISSAL - 3